## HASBROUCK v. THE KINGSTON BOARD OF EDUCATION.

### September, 1867.

A refusal to grant a temporary injunction against the collection of a tax, where but a small portion of the amount involved in the controversy can be affected at the time by such temporary injunction, is not an order which in effect determines the action, and prevents a judgment from which an appeal might be taken; and therefore an appeal does not lie from it to the court of appeals.

If a motion for a temporary injunction is denied, not on the ground that the plaintiffs could ultimately have no relief, but because a temporary interference was not deemed advisable by the court to which the application was made, the court of appeals will not review the discretion of that court upon the question.

In order to sustain such an appeal, the papers should show that the motion was denied upon the ground that the plaintiffs could ultimately have no relief.

Abraham B. Hasbrouck and four others, suing on behalf of themselves and other taxable inhabitants, brought an action in the supreme court, against the Kingston Board of Education, Elijah Ellsworth, the collector, and Cornelius Burhans, the treasurer of the Kingston school district, to enjoin the collection of a tax which had been assessed. The question presented was, whether, under the local statutes applicable to this district, the annual tax was not limited to five thousand dollars, or less.

Hasbrouck *v.* Kingston Board of Education.

The tax objected to was for twenty-two thousand dollars, and nearly fourteen thousand dollars was collected before this action was brought. A statement of the details is not necessary here, as this court did not pass on the merits.

The plaintiffs moved for an injunction pending the suit.

*The supreme court*, at special term, denied the motion, on the grounds, 1, that the tax was regular and authorized by the act, and, 2, that the remedy by injunction was inappropriate under the modern adjudications. This decision was affirmed, on appeal, by the court at general term.

An action was then brought by the attorney-general, in the name of the people, against the same defendants, for substantially the same relief. The application for an injunction in this suit was likewise denied, and the decision affirmed.

Appeals were taken by the plaintiffs in both suits from the orders of the court at general term to this court.

*M. Schoonmaker*, for defendants;—Moved that the appeals be dismissed; citing Vandewater *v.* Kelsey, 1 *N. Y.* (1 *Comst.*) 533; Selden *v.* Vermilyea, *Id.* 534; and also insisted that the orders were right on the merits.

*E. Cooke*, for the plaintiffs, appellants.

BY THE COURT.—HUNT, J.—The objection is made, that the orders in question are not appealable to this court. I think the objection is well taken.

It is claimed that the appeal is sustainable under subdivision 2 of section 11 of the Code, which gives such appeal from "an order affecting a substantial right . . . when such an order in effect determines the action, and prevents a judgment from which an appeal might be taken," or discontinues the action, or grants or refuses a new trial. The order in question does not determine the action or prevent a judgment from which an appeal might be taken. It may possibly prejudice the plaintiffs to the extent of that portion of the tax of 1866 yet uncollected; but the action remains, with the question to be decided by it, for future years, and with the power of appeal from the

judgment to be rendered.    If it shall be held, ultimately, that
the plaintiffs are right, then the defendants, in their levies,
will be restricted to five thousand dollars a year, or be limited
to the specific items admitted by the plaintiffs to be properly
within their jurisdiction.

If the defendants' view is sustained by the courts, they will
be at liberty the next year, and so long hereafter as the law
·shall remain unrepealed, to .levy such sums as they may deter-
mine to be necessary and proper for the purposes specified in the
act.    There is evidently much the most important duty of the
action yet to be performed.

The amount of the present tax, yet uncollected, is trifling
compared with the amount which will be determined by the
judgment yet to be rendered.    The orders in question do not,
in effect, determine the action, or prevent a judgment from
which an appeal can be taken, and are therefore not appealable
to this court.

Again.    The papers do not show whether the motion was de-
nied upon the ground that the plaintiffs could ultimately have
no relief, or because a temporary interference was not advisable.
In the latter case, the motion below was addressed to the dis-
cretion of the court; and the general term having acted, we
cannot review their determination.    People v. New York Cen-
tral R. R. Co., 29 N. Y. 418; Clark v. City of Rochester, 34 Id.
355.    Whether the interests of the individuals who had not yet
paid their tax should command the interposition of that tribu-
nal, or whether the interests of education were the. more im-
portant in the particular case, were matters for the discretion
and judgment of the court below.    In such cases we require
them to act, but we do not assume to determine what their ac-
tion shall be.    See cases above cited.

I am of the opinion, also, that an injunction cannot legally
issue to restrain the collection of a tax, although illegally im-
posed.    Heywood v. City of Buffalo, 14 N. Y. 534, 537; Mu-
tual Benefit Life Ins. Co. v. Supervisors of N. Y., Dec., 1866.

The party must take his remedy by action for the damages
he has sustained.    Id.

[The remainder of the opinion related to the merits of the
case, but upon these the court did not pass.]

A majority of the judges concurred in dismissing the appeals, on the ground that the orders were not appealable.

Appeals dismissed, with costs.